Bashir Eustache (Bar No. 241759)
Amusement Industry, Inc.
520 W. Willow Street
Long Beach, California 90806
Tel.:   (310) 861-4699
Fax:   (562) 332-6090
E-mail:   bashir.e@WestlandREG.com

Attorneys for Defendant AMUSEMENT INDUSTRY, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD,<br><br>    Plaintiff,<br><br>vs.<br><br>Amusement Industry, Inc.; and Does 1-10,<br><br>    Defendants. | CASE NO.:  5:19-cv-01861 MWF (SHKx)<br><br>**DEFENDANT AMUSEMENT INDUSTRY, INC.'S ANSWER TO THE COMPLAINT;** |

Defendant Amusement Industry, Inc. ("Answering Defendant") admits and denies certain portions of the Complaint of Plaintiff JAMES RUTHERFORD (collectively "Plaintiff") as follows:

## PARTIES

1.   Answer Paragraph 1, Answering Defendant lacks sufficient information to admit or deny the allegations contained therein.

2.   Answering Paragraph 2, Answering Defendant admits that it owned the property located at 24950 Redlands Blvd, Loma Linda, California 92354 in June 2019.

3.   Answering Paragraph 3, Answering Defendant admits that it owns the property located at 24950 Redlands Blvd, Loma Linda, California 92354.

4. Answer Paragraph 4, paragraph 4 does not contain allegations to which a response is required.

## JURISDICTION AND VENUE

5. Answer Paragraph 5, paragraph 5 does not contain allegations to which a response is required.

6. Answering paragraph 6, paragraph 6 does not contain allegations to which a response is required.

7. Answering paragraph 7, paragraph 7 does not contain allegations to which a response is required.

## FACTUAL ALLEGATIONS

8. Answer Paragraph 8, Answering Defendant lacks sufficient information to admit or deny the allegations contained therein. Paragraph 8 otherwise does not contain allegations to which a response is required.

9. Answering paragraph 9, paragraph 9 does not contain allegations to which a response is required.

10. Answering paragraph 10, paragraph 10 does not contain allegations to which a response is required.

11. Answering paragraph 11, Defendant denies the allegations of Paragraph 11.

12. Answering paragraph 12, Defendant denies the allegations of Paragraph 12. Paragraph 12 otherwise does not contain allegations to which a response is required.

13. Answering paragraph 13, paragraph 13 asserts Plaintiff's legal positions, and does not contain allegations to which a response is required.

14. Answering paragraph 14, Defendant denies the allegations of Paragraph 14.

15. Answering paragraph 15, Defendant denies the allegations of Paragraph 15.

16. Answering paragraph 16, Defendant denies the allegations of Paragraph 16.

17. Answering paragraph 17, paragraph 17 asserts Plaintiff's legal positions, and does not contain allegations to which a response is required.

18. Answering paragraph 18, paragraph 18 asserts Plaintiff's legal positions, and does not contain allegations to which a response is required.

19. Answering paragraph 19, Answering Defendant denies each allegation therein.

20. Answering paragraph 20, paragraph 20 does not contain allegations to which a response is required. Otherwise deny.

21. Answering paragraph 21, paragraph 21 does not contain allegations to which a response is required. Otherwise deny.

22. Answering paragraph 22, Answering Defendant denies each allegation therein.

23. Answering paragraph 23, Answering Defendant denies each allegation therein.

24. Answering paragraph 24, paragraph 24 does not contain allegations to which a response is required.

25. Answering paragraph 25, paragraph 25 does not contain allegations to which a response is required. Otherwise deny.

**FIRST CAUSE OF ACTION**

26. Answering paragraph 26, paragraph 26 does not contain allegations to which a response is required. Otherwise deny.

27. Answering paragraph 27, paragraph 27 does not contain allegations to which a response is required. Otherwise deny.

28. Answering paragraph 28, paragraph 28 does not contain allegations to which a response is required. Otherwise deny.

29. Answering paragraph 29, paragraph 29 does not contain allegations to

1 | which a response is required.

2 |     30.   Answering paragraph 30, Answering Party denies the allegations of Paragraph 30.

4 |     31.   Answering paragraph 31, paragraph 31 does not contain allegations to which a response is required. Otherwise deny.

## SECOND CAUSE OF ACTION

    32.   Answering paragraph 32, paragraph 32 does not contain allegations to which a response is required. Otherwise deny.

    33.   Answering paragraph 33, paragraph 33 does not contain allegations to which a response is required. Otherwise deny.

    34.   Answering paragraph 34, paragraph 34 does not contain allegations to which a response is required. Otherwise deny.

    35.   Answering paragraph 35, paragraph 35 does not contain allegations to which a response is required. Otherwise deny.

## AFFIRMATIVE DEFENSES

Answering Defendant hereby alleges the following separate affirmative defenses to Plaintiff's complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

As a first separate and affirmative defense, this Answering Defendant alleges that Plaintiff's complaint and/or any of its causes of action do not state facts sufficient to state a cause of action for which a remedy exists.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

As a second separate and affirmative defense, this Answering Defendant alleges that the allegations stated in Plaintiff's complaint are ambiguous and unclear, and as such, do not state a cause of action for which a remedy exists.

## THIRD AFFIRMATIVE DEFENSE
### (Lack of Standing)

As a third separate and affirmative defense, this Answering Defendant alleges that Plaintiff lacks standing to challenge alleged barriers to the premises to the extent that the alleged barriers did not prevent Plaintiff from patronizing the premises and utilizing the parking lot, sidewalks, shopping center, and businesses contain therein, and therefore the alleged barriers did not result in any injury-in-fact to the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

As a fourth separate and affirmative defense, this Answering Defendant alleges that Plaintiff lacks standing to challenge alleged barriers to premises he did not visit prior to the filing of the complaint, and have no plans to patronize the premises, nor any likelihood of patronizing the premises in the future.

## FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

As a fifth separate and affirmative defense, this Answering Defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE
### (Contribution)

As a sixth separate and affirmative defense, this Answering Defendant alleges that Plaintiff's losses, if any, (which this Answering Defendant denies and makes such assumption only for the purpose of this defense) were caused or contributed to by Plaintiff and/or persons other than this Answering Defendant. In the event that any act or omission of this Answering Defendant is found to have contributed to said losses, Plaintiff's recovery, if any, from this Answering Defendant should be reduced by an amount proportionate to the degree of fault attributable to Plaintiff or persons other than this Answering Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

As a seventh separate and affirmative defense, this Answering Defendant alleges that injuries and damages Plaintiff may have suffered (which this Answering Defendant denies and makes such assumption only for the purpose of this defense) which were caused by the tortious actions of persons and/or entities other than this Answering Defendant, must be apportioned, reduced, or allocated in direct proportion to that other entity's percentage of fault, pursuant to *Civil Code* section 1431.1, *et seq*.

## EIGHTH AFFIRMATIVE DEFENSE
### (Estoppel)

As an eighth separate and affirmative defense, this Answering Defendant alleges that Plaintiff is estopped to recover herein by reason of his own acts, omissions, representations and course of conduct, including violations of California law.

## NINTH AFFIRMATIVE DEFENSE
### (Waiver)

As a ninth separate and affirmative defense, this Answering Defendant alleges that Plaintiff waived his rights, if any, to assert any claim or cause of action against this Answering Defendant, based upon the facts pleaded in Plaintiff's complaint.

## TENTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

As a tenth separate and affirmative defense, this Answering Defendant alleges that Plaintiff failed to take all reasonable steps necessary to mitigate damages, thereby barring or reducing Plaintiff's desired recovery accordingly.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Exercise Ordinary Care)

As an eleventh separate and affirmative defense, this Answering Defendant alleges that the alleged events, happenings, injuries, and/or damages, if any, were legally caused or contributed to by the failure of Plaintiff to exercise ordinary care with regard to patronage at the property.

## TWELFTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

As a twelfth separate and affirmative defense, this Answering Defendant alleges that at all times relevant herein and on or before the date of the incidents alleged in the Verified complaint, Plaintiff knew of and appreciated the hazards, conditions and risks involved in his conduct and the conduct of others referred to in the complaint, and thereby Plaintiff assumed all risks attendant thereto without liability of this Answering Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

As a thirteenth separate and affirmative defense, this Answering Defendant alleges that Plaintiff is barred from recovery by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Preexisting Structure)

As a fourteenth separate and affirmative defense, this Answering Defendant alleges that Plaintiff's claims that the premises were constructed in violation of the ADA or Title 24 are barred to the extent the premises was constructed prior to the effective date of the ADA, Title 24, or their regulations.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Equivalent Facilitation)

As a fifteenth separate and affirmative defense, this Answering Defendant alleges that Plaintiff's claims is barred because, with respect to any particular

architectural element of the premises that depart from accessibility guidelines, the premises have provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the premises.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Good Faith Efforts)

As a sixteenth separate and affirmative defense, this Answering Defendant alleges that it has made good faith efforts to comply with the ADA, the Unruh Act, and the California Disabled Persons Act, including providing appropriate alternative access.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Excessive Fines)

As a seventeenth separate and affirmative defense, this Answering Defendant alleges that the imposition of statutory minimum damages in this matter would violate this Answering Defendant's protection against excessive fines in violation of Article I, Section 17 of the California Constitution and the Eighth Amendment of the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Upgrade Previously Required)

As an eighteenth separate and affirmative defense, this Answering Defendant alleges that it was not required by applicable laws to upgrade the property to disability standards as alleged in the complaint, prior to Plaintiff's alleged attempted patronage at the property.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Acts of Third Parties)

As a nineteenth separate and affirmative defense, this Answering Defendant alleges that at all times mentioned in the complaint, the injuries and damages alleged therein were either wholly or in part proximately caused by the acts and

fault of persons, firms, corporations, or entities other than this Answering Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Indemnity)

As a twentieth separate and affirmative defense, this Answering Defendant alleges that in the event Plaintiff should be awarded judgment against this Answering Defendant in any manner or any amount by virtue of the complaint, this Answering Defendant is entitled to indemnity for such amounts from those parties, including those who are presently unknown or unidentified, who were primarily responsible for such damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Independent Intervening Cause)

As a twenty-first separate and affirmative defense, this Answering Defendant alleges that any damages sustained by Plaintiff (which this Answering Defendant denies, and makes such assumption only for the purpose of this defense) were caused by the actions and/or omissions of someone other than this Answering Defendant, over whom this Answering Defendant had no control.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (No Cognizable Injury or Damages)

As a twenty-second separate and affirmative defense, this Answering Defendant alleges that no damages or other cognizable injury were sustained by Plaintiff.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Pre-Litigation Notice)

As a twenty-third separate and affirmative defense, this Answering Defendant alleges that Plaintiff failed to give pre-litigation notice of the alleged defects.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Equitable Claims Barred)

As a twenty-fourth separate and affirmative defense, this Answering Defendant alleges that Plaintiffs' claims in equity are barred, in whole or in part, because Plaintiffs' legal remedies are adequate.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Attorneys' Fees Barred)

As a twenty-fifth separate and affirmative defense, this Answering Defendant alleges that Plaintiffs is not entitled to recover attorneys' fees or costs from Answering Defendant because Plaintiff's complaint did not cause any change in conduct, policy or procedure, and Plaintiff cannot establish that Answering Defendant violated any statute entitling Plaintiffs to an award of attorneys' fees or costs. Alternatively, such an award should be barred or reduced to the extent they were not reasonably incurred, were incurred at an excessive rate, or were incurred with respect to others' fault.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Attorneys' Fees Waived by Plaintiffs)

As a twenty-sixth separate and affirmative defense, this Answering Defendant alleges that Plaintiffs explicitly waived any recovery of attorneys' fees under California *Code of Civil Procedure* section 1021.5 and/or the private attorney general doctrine by disclaiming such fees in the complaint, specifically at page six, footnote one.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Improper Defendant)

As a twenty-seventh separate and affirmative defense, this Answering Defendant alleges that it is not legally responsible for property that is not within its possession, custody or control.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (NOT A PLACE OF PUBLIC ACCOMODATION

As a twenty-eight separate affirmative defense, this Answer Defendant alleges that is property is not subject to the Americans with Disabilities Act or related statutes because it is not a place of public accommodation.

### PRAYER

WHEREFORE, this Answering Defendant prays for judgment as follows:

1. That Plaintiff's complaint be dismissed with prejudice and Plaintiff take nothing thereby;
2. For costs of suit incurred herein, including attorneys' fees; and
3. For such other further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

This Answering Defendant hereby demands a trial by jury for all claims for which a jury trial is permitted.

DATED:    October 28, 2019          AMUSEMENT INDUSTRY, INC.

By: /s/ Bashir Eustache
BASHIR EUSTACHE
Attorneys for Defendant
Amusement Industry, Inc.